E. K. MIDDLETON, TRADING AS THE MIDDLETON RADIO COMPANY, PLAINTIFF-APPELLANT, v. BERNARD KAVANAGH, DEFENDANT-APPELLEE.

Submitted May term, 1931—Decided August 14, 1931.

Before Justices CAMPBELL, LLOYD and BODINE.

For the appellant, M. LeRoy Cobbin.

For the appellee, Bernard Kavanagh, pro se.

PER CURIAM.

This is an appeal from a judgment in favor of the defendant below in an action brought to recover the balance of installments due under a conditional sales contract for a radio. Because of the default in payment of one or more installments, when due, the action was brought to recover the entire balance of the purchase price.

The defendant was permitted to testify that he made the purchase through a salesman who did not tell him anything about a finance charge to be added to the purchase price. After the sale and execution of the conditional sale agreement, the seller assigned the same to a finance company to which the plaintiff-seller guaranteed the payments. The defendant further was permitted to testify that about three weeks after the purchase he called upon the plaintiff to service it, which request was refused because the contract had been taken over by the finance company, and thereupon the defendant told him not to repair it as he was dissatisfied with it and wanted him to take it back and return the money paid; that the defendant had received a letter from the finance company advising that $15 for finance charges had been added to the contract and that upon being informed of this the plaintiff said to the defendant: "Did not my salesman tell you that? I always tell my customers about the finance charge but if you are not satisfied I will take the radio back."

The defendant further testified that the plaintiff failed and refused to take back the instrument.

One son of the defendant testified that he heard the plaintiff agree to take back the radio and that he heard his father, the defendant, make all of the statements testified to by him. Another son testified that he had written a letter to the finance company and also to the plaintiff demanding that a return of the radio be accepted and the money paid returned. A third son testified that the instrument was unsatisfactory. The salesman who made the sale to defendant testified that at the time of making the sale he represented to the defendant that if the radio was not satisfactory it could be returned.

The plaintiff, in rebuttal, testified that he never made the statement or offer to defendant or to any witnesses that he would take the radio back if it was unsatisfactory, and further, that the instrument was in absolutely perfect condition. He also testified that the defendant had the instrument on trial for three weeks before the sales agreement was executed.

The testimony of the defendant and his witnesses was received by the court over the objection of the plaintiff, and the court, sitting without a jury, found in favor of the defendant. From the judgment entered upon such finding the plaintiff below appeals.

It is urged that there should be a reversal because the trial court erred in admitting the testimony of the defendant and other witnesses respecting the taking back of the radio and that of the salesman.

Inasmuch as the execution of the written sales contract, delivery of the radio and the making of the initial payment were all admitted, the judgment of the trial court must have been based upon this objected to testimony, because, otherwise, upon the admitted facts the plaintiff was entitled to judgment.

The testimony objected to was improper. That of the salesman because it went to vary the terms of the written contract, and that of the defendant and his sons because the agreement attempted to be established was entirely without a consideration to support it.

We conclude, therefore, that the judgment is without support in fact and must be reversed.